MERRITT, Circuit Judge,
dissenting.
Here we continue along the well-worn path of the federal courts by imposing over-long sentences in the so-called War on Drugs. The court upholds a 15-year drug sentence for a first-time offender. It *197 does so by affirming a debatable “organizer or leader” enhancement that added many years to the sentence and then added more years by denying Edwards an “acceptance of responsibility” deduction— all because at sentencing his lawyer contested the applicability of the enhancement. The 15-year sentence is much longer than necessary to deter this first-time offender from further violations but does deter defense lawyers from making reasonable arguments in defense. of their clients.
In preparation for sentencing, Edwards provided a statement wherein he admitted involvement in the underlying offense. Notably, the initial presentence report did not contain a leadership role enhancement. Although a subsequent report recommended a 4-point “organizer or leader” enhancement, the Government’s Response only recommended a 2-point enhancement. This revised report also recommended a 3-level reduction because the Defendant “clearly demonstrated acceptance of responsibility for the offense.”
I do not believe that a criminal defendant’s choice to object to the “organizer/leader” enhancement — when it was in dispute by various parties throughout the pendency of the case — is “frivolous.” A reduction for accepting responsibility is supposed to be accorded to a criminal defendant who enters a guilty plea and “truthfully admits the conduct compromising the offense.” U.S.S.G. § 3E1.1 app. n.3. At the sentencing hearing, defense counsel objected to and argued against the 4-level “organizer or leader” enhancement, but Edwards had consistently admitted the offense conduct. He admitted having contacts with the other conspirators. His counsel only disputed that those contacts demonstrated that he was an organizer or leader. Counsel did not deny any conduct. He only argued that Edwards’ conduct did not suggest a leadership role.
The evidence regarding the significance and extent of those contacts was somewhat equivocal and should have been open for debate without being deemed a “frivolous objection” to relevant conduct. Simply put, Edwards did not deny any conduct. He only denied that his conduct should be characterized as a “leadership role.”
Moreover, in this case we are combining an overly-long sentence with a gross waste of taxpayer funds. This man will apparently be deported back to Mexico only when he finishes his 15-year term. It seems clear to me that instead of paying approximately $250,000 for his incarceration in federal prison, he should be deported now. The Criminal division of the Department of Justice should open an immigration proceeding and deport him back to Mexico. The United States Attorney did not ask for this long sentence and should return him to his family back in Mexico as soon as possible.